```
IN THE UNITED STATES DISTRICT COURT
   FOR THE WESTERN DISTRICT OF TENNESSEE
              WESTERN DIVISION
```

| | | |
|---|---|---|
| **HICA EDUCATION LOAN CORP.,** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| v. | ) | No. 12-2034 |
| | ) | |
| **ODIE L. BATTLES a/k/a ODIE LEE** | ) | |
| **BATTLES a/k/a ODIE LEE** | ) | |
| **BATTLES, JR.,** | ) | |
| | ) | |
| **Defendant.** | ) | |

## ORDER DENYING MOTION FOR ATTORNEY'S FEES

Before the Court is Plaintiff HICA Education Loan Corporation's ("HICA") May 22, 2012 Motion for Attorney's Fees and Costs. (See Mot. for Award of Attorney's Fees and Costs, ECF No. 10) (the "Motion.") Defendant Odie L. Battles ("Battles") has not responded and the time for doing so has passed. HICA seeks attorney's fees and costs incurred in the prosecution of a default judgment against Battles. For the following reasons, HICA's Motion is DENIED WITHOUT PREJUDICE.

On January 17, 2012, HICA filed a complaint against Battles, seeking enforcement of student loan obligations under the United States Health Education Assistance Loan Program

("HEAL"), 42 U.S.C. §§ 292 et seq. (Complaint ¶ 3, ECF No. 1.) On March 9, 2012, the Clerk of Court entered default against Battles. (ECF No. 7.) On May 8, 2012, the Court granted HICA's motion for default judgment. (ECF No. 9.) HICA requests $1,450.00 in attorney's fees and costs, including fees incurred in transmitting collection letters and prosecuting the cause to default judgment. (See Decl. of John O. Belcher ¶ 2, ECF No. 10-1); (see also Decl. of F. Scott Flow ¶ 4, ECF No. 10-2.)

On November 8, 1983, the parties executed a Promissory Note (the "Promissory Note"), in which Battles agreed to pay "all reasonable attorney's fees, and other costs and charges that are permitted by Federal regulations and are necessary for the collection of any amount not paid when due." (Promissory Note 1, ECF No. 1-1.) The Code of Federal Regulations provides, in relevant part, that the "lender or holder may [] require that the borrower pay the holder of the note for reasonable costs incurred by the holder or its agent in collecting any installment not paid when due. These costs may include attorney's fees [and] court costs." 42 C.F.R. § 60.15.

Under Local Rule 54.1(b)(2), a motion for attorney's fees must be supported by "an affidavit of another attorney in the community, who is not otherwise involved with the case, setting out the prevailing rate charged in the community for similar services." W.D. Tenn. Civ. R. 54.1(b)(2) (emphasis added).

Local Rules are "not developed by accident." Greer v. Home Realty Co. of Memphis, Inc., No. 2:07-cv-02639-SHM-egb, 2010 U.S. Dist. LEXIS 142817, at *6 (W.D. Tenn. July 12, 2010). They help parties "save time and expense" by providing the Court with the information it needs to arrive at a decision. Id. An affidavit from an attorney who is not otherwise involved helps a court decide whether a request for fees and costs is reasonable.

HICA has failed to provide an affidavit of an attorney "not otherwise involved with the case." (See Decl. of John O. Belcher) ("I am the attorney of record for [] HICA."); (see also Decl. of F. Scott Flow ¶ 3) ("I represent HICA . . . through an agreement with Sallie Mae, Inc., which is the servicing agent for HICA.") A party's "failure to follow the Local Rules is sufficient grounds for denying its motion." Parris v. Regions Bank, No. 09-2462, 2011 U.S. Dist. LEXIS 92167, at *4 n.1 (W.D. Tenn. Aug. 17, 2011) (citation omitted). Because HICA has failed to follow Local Rule 54.1, its Motion is DENIED WITHOUT PREJUDICE.

So ordered this 19th day of February, 2013.

s/ Samuel H. Mays, Jr.\
SAMUEL H. MAYS, JR.\
UNITED STATES DISTRICT JUDGE